# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

SEAN CRAWFORD,     \*
                      \*
      Petitioner,     \*    CASE NO. 1:07-CV-71(WLS)
vs.                       \*        28 U.S.C. § 2255
                      \*    CASE NO. 1:97-CR-3-3(WLS)
UNITED STATES OF AMERICA,     \*
                      \*
      Respondent.     \*

## REPORT AND RECOMMENDATION

In a First Superseding Indictment (R - 39) returned in this court on September 27, 1997, Petitioner Crawford and others were charged in Count I with conspiracy to knowingly and intentionally possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846 in connection with § 841(a)(1). In Count II, Petitioner Crawford and his co-defendants were charged with possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Subsequent to a jury trial, in which Petitioner Sean Crawford was found guilty on both counts contained in the indictment, he was sentenced on January 13, 1999, to a term of imprisonment of 360 months on each count, to be served concurrently. (R- 246). There was no issue that the Indictment did not charge any part of 21 U.S.C. § 841(b), nor that the quantity of cocaine or cocaine base was not pled in the indictment or submitted as an issue to the jury. Petitioner's conviction and sentence were affirmed on direct appeal. (R-285). Thereafter, Petitioner filed a timely Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255(R-321), raising *Apprendi*[1] issues.

---

[1] *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348 (2000).

The District Judge recognized that there had been an *Apprendi* violation in Petitioner's sentence. He set aside Crawford's sentence, and resentenced him on July 6, 2005, reducing his original 360 month imprisonment sentence to 240 months imprisonment. (R-329). Petitioner Crawford filed a new Motion To Vacate, Set Aside, or Correct his new Sentence Pursuant to 28 U.S.C.§ 2255 on April 16, 2007 (R-342), with an attached and incorporated Memorandum of Law in support. (R-343). He sets out three claims in this Motion and Memorandum.

I. **Ground One.**

As his Ground One, Petitioner Crawford claims ineffective assistance of counsel for his counsel's "failing to note, object or appeal the court's use of a mandatory statutory sentencing scheme in light of the decision in Booker[2] and subsequent cases." Crawford presupposes in his ineffective assistance claim that the District Court did, in fact, violate the rule in *Booker*, which it did not.

Regardless of any conversation that occurred during Petitioner's resentencing hearing, the District Court sentenced Crawford according to the maximum permitted statutory penalty for his offenses. Crawford should note that Addenda to the PSI were prepared by Probation for the Resentencing hearing, copies of which were furnished to Petitioner and his attorney. Addendum # 3, at page 2, contained the following:

> The defendant, through counsel, objects to being characterized as a career offender in the original presentence report. His

---

[2]*United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, decided January 12, 2005.

> argument hinges on the fact that there was neither a jury determination of the career offender status or an admission by Sean Crawford of the career offender status in accordance with *Booker* and *Apprendi*. The factors that determine career offender pursuant to U.S.S.G. § 4B1.1 . . . were not alleged in Sean Crawford's Indictment and never decided upon by the jury which determined the defendant's guilt in this case.
>
> The Probation Office contends that in light of the decisions in both *Apprendi* and *Booker,* the defendant has no standing with regard to criminal history issues. Criminal history issues have been exempted from factors that must be submitted for jury determination beyond a reasonable doubt. The career offender provisions at U.S.S.G. § 4B1.1 rely on the defendant's prior criminal history and the present offense in order for the status to be determined. . . .
>
> Should the Court concur with this objection, we believe the offense level would remain 36, with the criminal history category of VI, and the guideline range would remain 324 to 405 months.

The United States Supreme Court in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348 (2000) held that, "<u>other than the fact of a prior conviction</u>, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.,* 120 S.Ct. at 2362-63. (emphasis added ). That is the *Apprendi* Rule. *Blakely v. Washington,* 542 U.S. 296 , 124 S.Ct. 2531, 2537 (2004), extended the rule in *Apprendi* and concluded that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" (emphasis in original).

In *Booker,* the Supreme Court held that the Federal Sentencing Guidelines violate the Sixth Amendment right to a trial by jury to the extent that they permit a judge to *increase* a

defendant's sentence based on facts that are neither found by the jury nor admitted by the defendant. *Booker,* 543 U.S. at 244, 125 S.Ct. at 756. To remedy this violation, the Court excised two specific provisions of the Sentencing Reform Act of 1984 – 18 U.S.C. § 3553(b)(1), and 18 U.S.C. § 3742(e), thereby rendering the guidelines "effectively advisory." *Id.* at 245, 125 S.Ct. at 756-57. As a result, a sentencing court must still "consider Guidelines ranges," but it may "tailor the sentence in light of other statutory concerns as well." *Id.* at 245-46, 125 S.Ct. at 757 (citing 18 U.S.C. § 3553(a)). Additionally, the Eleventh Circuit has held that "[a]fter *Booker,* sentencing requires two steps. First, the district court must consult the Guidelines and correctly calculate the range provided by the Guidelines. Second, the district court must consider [the 18 U.S.C. § 3553(a)] factors to determine a reasonable sentence." *United States v. Talley,* 431 F.3d 784, 786 (11th Cir. 2005) (per curiam).

In *Almendarez-Torrez v. United States,* 188 S.Ct. 1219 (1998), the Supreme Court held that the government need not allege in its indictment and need to prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." *United States v. Marseille,* 377 F.3d 1249, 1257 (11th Cir.), *cert. denied,* 125 S.Ct. 637 (2004). In *Apprendi,* the Supreme Court declined to revisit *Almendarez-Torres* and held "**[o]ther than the fact of a prior conviction**, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey,* 120 S.Ct. 2348, 2362-63 (2000). (emphasis added).

4

The Eleventh Circuit Court of Appeals held that *Almendarez-Torres* remains the law post-*Booker*. *See United States v. Camacho - Ibarquen,* 404 F.3d 1283, 1290 (11th Cir. 2005). Accordingly, insofar as the District Court's enhancement of Petitioner Crawford's sentence under § 4B1.1, as a career offender, merely involved a determination that Crawford had prior convictions, the enhancement did not implicate *Apprendi, Blakely,* or *Booker,* as those cases exempt prior convictions from the types of facts that must be admitted by the defendant or proved to a jury beyond a reasonable doubt in order to support a sentence enhancement.

Upon resentencing, the District Court disregarded the PSI Addendum's recalculated guideline range of 324 to 405 months, and resentenced Petitioner Crawford to the statutory maximum of 20 years or 240 months imprisonment on each count of conviction and ran the sentences concurrently. (R-329). The court's resentence was in complete compliance with the *Booker* decision, which had been brought before the court by the PSI Adendum # 3, of which all parties were aware. Therefore, Petitioner's claim that his attorney "fail(ed) to note, object or appeal the court's use of a mandatory statutory sentencing scheme in light of the decision in Booker and subsequent cases," has no merit, since the court was made fully aware of the *Booker* rule and its application to Petitioner's resentence, and the resentence was within the **statutory range.** The court did not violate the *Booker* rule and there was no reason for counsel to object. Counsel cannot be considered ineffective for failing to raise claims that lack merit. *See Alvord v. Wainright,* 725 F.2d 1282, 1291 (11th Cir. 1984).

In *Rogers v. Zant,* 13 F.3d 384, 386 (11th Cir. 1994), the Court stated:

> The cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064 (1984). To establish prejudice, the Petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694. . . . When reviewing whether an attorney is ineffective, courts "should always presume strongly that counsel's performance was reasonable and adequate." *Atkins v. Singletary*, 965 F. 2d 952, 958 (11th Cir. 1992). And, "a court should be highly deferential to those choices . . . that are arguably dictated by a reasonable trial strategy." *Devier v. Zant*, 3 F.3d 1445, 1450 (11th Cir. 1993). Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so. This burden, which is petitioner's to bear, is and is supposed to be a heavy one.

Petitioner Crawford has failed to carry his burden of proof as to ineffective assistance of counsel as he claims in his Ground One.

**II. Grounds Two and Three.**

In Grounds Two and Three, Petitioner Crawford waxes eloquent with a familiar mysticism in which he expresses the existence of many well-known constitutional provisions of law, but fails to specify exactly how this court violated any of them. As to his Ground Two claim, Crawford states in his Memorandum Brief:

> Movant submits that his conviction and sentence entered in

6

> the present case is Void Ab Initio, as it concerns any contract provisions, undisclosed, hidden, and not knowingly and voluntarily entered by Sean:Crawford. Further, Movant submits that this Court is NOTICED that in all proceedings, NUNC PRO TUNC, adherence to all constitutionally compliant law is requested, and more particularly the Bill of Rights. . . .
>
> This Court has failed to honor, uphold and abide by the OATHS taken by the presiding judge and attending officers, pursuant to the Constitution of the United States of America, Article VI, Clause 2 and 5, and constitutional requirements thereof. . . .
>
> This Court has failed to acknowledge that American Citizens, in the instance case, Sean:Crawford, Sui Juris, are Sovereign in this Nation, and that the government, this, and other Courts serve the American Citizens pursuant to: (a) limited powers delegated from the Constitution, which delegated powers and <u>DERIVED FROM THE PEOPLE</u>**:** **(**b) OATHS taken to uphold the Constitution; (c) the Constitution, specifically the Bill of Rights; (d) powers authorized only by the Constitution or laws in full compliance therewith, specifically, the Bill of Rights, and (e) acknowledge that lack of Constitutional authority precludes any action and voids any rulings by this Court.

In his Gound Three, Crawford simply states in his Motion and Memorandum that:

> Movant Gives Judicial Notice That Sean:Crawford, Is An American Citizen, Sui Juris, And Gives Notice To The Honorable Court That This Court Is Not A Judicial, And Not An Administrative Proceeding, And Further Notice That Said Movant Retains Full Constitutional Rights And Enjoys The Benefits Thereof. As A Consequence, To This Movant's Claim And Exercise of Constitutional Rights All Public Officers are Required to Uphold Said Rights, Nunc Pro Tunc.

Petitioner's spurious contentions fail to state a cognizable § 2255 claim and further ignore Article III of the Constitution of the United States of America, which provides as follows:

7

**Section 1.** The judicial Power of the United States, shall be vested in one supreme court, and in such inferior Courts as the Congress may from time to time ordain and establish. . . .

**Section 2.** The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made or which shall be made under their Authority . . .
The Trial or All Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed.

This District Court of the United States had the power, jurisdiction, and authority to try Petitioner Crawford for crimes committed and to pronounce punishment as authorized by statutes enacted by Congress and legal precedent issued by the United States Supreme Court. Petitioner Crawford's vague and tacit claims to the contrary are found to be frivolous.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 22nd day of February 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE